REQUESTED BY: Senator Tom Vickers Nebraska State Legislature State Capitol, Room 1110 Lincoln, Nebraska 68509
Dear Senator Vickers:
This is in response to your letter of August 26, 1985, concerning the effect of the LB 662 referendum on the ability of the Legislature to enact changes to current school laws.
In your letter you refer to our previous opinion of July 2, 1985, to Senator John DeCamp. We would also call your attention to our letter of July 25, 1985, to Senator William E. Nichol, a copy of which is enclosed. More specifically that letter concluded that "After the referendum has been invoked and until the voters have acted thereunder, the subject-matter of the referred bill is withdrawn from further consideration of the Legislature. It can neither amend nor repeal the act during that period." With this as a framework for our response, we will address your specific questions.
Your first question was as follows: "Would any changes in the State aid formula found in sections 79-1333 to 79-1344.01 contravene Article III, section 3?" As you note, LB 662 does not deal with the issue of distribution of school funds which is the subject matter of the above referenced statutes. Likewise, these statutes were not amended or changed in any way by LB 662. Thus, the Legislature would not be prohibited from making changes to these statutes, provided that they do not alter the specific provisions of LB 662.
Your next question is whether "any changes in any of the specific school organization statutes that were amended in LB 662 [would] run afoul of Article III, section 3, if none of the amendatory language is significantly changed?" In particular, you are concerned with changes to Neb.Rev.Stat. § 79-701 (Reissue 1981). Based on our previous opinion, we would conclude that you may only alter or amend those portions of the statutes contained in LB 662 that were not otherwise the subject of amendatory changes in the final version of the bill, and then only to the extent that they do not alter any of the specific provisions that were the subject of the changes constituting LB 662.
Your next question refers to the high school tuition laws found in Neb.Rev.Stat. § 79-494 to79-4,105 (Reissue 1981). These statutes were not specifically amended by LB 662, although you note that nonresident tuition is part of the financing system for public schools. Your question then is whether "the Legislature [is] blocked from addressing any changes in the nonresident high school tuition statutes?" Again, based on our previous opinion, the Legislature would not be prohibited from making changes in these statutes, provided they do not alter any of the specific provisions of LB 662.
You also ask us to define "what would constitute a major change in the subject matter of LB 662?" and whether or not the Legislature could make technical changes in LB 662 not affecting the primary goals of the bill. Based on our most recent opinion and the conclusion contained therein, we believe that any attempt to draw distinctions between "substantive changes" to the provisions of LB 662 is misleading. Simply put, the Legislature is prohibited from amending or repealing any of the specific provisions of LB 662.
Finally you ask whether or not the Legislature could make major changes in the subject matter of LB 662 to take effect after the November, 1986, referendum election contingent upon the failure of the people to repeal the bill under the referendum. This question was specifically addressed in our letter of July 25, 1985, the answer being no.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General